UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARK N. ARTIS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**OFFICER MCCANN,** *et al.***,**<br><br>    **Defendants.** | 11-CV-3613-WJM<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

    This matter comes before the Court on Plaintiff Mark N. Artis's motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). For the reasons stated below, the Court will deny the application.

    Based on his own allegations, Mr. Artis is a resident of the Special Treatment Unit in Woodbridge, New Jersey (the "STU"), where he has been civilly committed pursuant to New Jersey's Sexual Violent Predators Act, N.J.S.A. 30:4-27.24, *et seq.* On June 22, 2011, Mr. Artis filed a 42 U.S.C. § 1983 action against several New Jersey Department of Corrections officers based on an event that occurred in the STU on July 7, 2010. According to the allegations of the Complaint, on that date, Mr. Artis received a routine pat down from Defendant Senior Corrections Officer Darlene McCann prior to attending a group therapy session. During the frisk, Officer McCann pushed him into a wall; when he thrust out his hand to prevent his head from striking the wall, his back accidentally struck Officer McCann's body. After completing the frisk – which revealed that Mr. Artis did not possess any contraband on his person – Officer McCann allegedly called in "a code" and ordered Mr. Artis to kneel down on the ground with his hands behind his heads. Several officers, all named as defendants, responded to the call, and began to physically assault Mr. Artis while he kneeled on the ground. Officer McCann did not participate in the assault, but she did observe the assault and did nothing to prevent it. One responder, Lieutenant Eric Qualls, also took no action. After assaulting him, Defendants allegedly handcuffed him and placed him in a special cell unit for approximately four days. He alleges that he was released only after members of the STU's treatment staff who had observed the incident submitted written statements about it. Mr. Artis seeks monetary damages, a declaration that the actions taken by Defendants violated various Constitutional

and statutory rights, and an injunction requiring Defendants to take affirmative steps to prevent future use of excessive force against STU residents.[1]

Mr. Artis made his first application for appointment of *pro bono* counsel when he filed his complaint on June 22, 2011. The Court denied his application as premature because none of the Defendants had yet had an opportunity to respond. ECF No. 2. On December 12, 2011, Defendant Qualls filed his answer. On December 23, 2011, Mr. Artis filed a renewed application, even though the remaining Defendants had not yet answered. On February 16, 2012, the remaining Defendants filed their joint answer. All remaining parties having filed their initial response to Mr. Artis's allegations, the Court will now address his application.

Section 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." District courts have "broad discretion" to decide whether requesting counsel is appropriate, may request counsel at any point in the litigation, and may do so *sua sponte*. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). As an initial matter, the Court must first determine if the party seeking counsel has an underlying case with arguable merit in fact and law. *Id*. at 498-99. Once the claim has passed that threshold, the Court then considers the following list of criteria to assess whether requesting counsel would be appropriate: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id*. at 499. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Id.*

Assuming the allegations of the Complaint are true, Mr. Artis's general claim has more than arguable legal merit. A plaintiff must demonstrate two essential elements to maintain a claim under § 1983: (1) that the plaintiff was deprived of a "right or privileges secured by the Constitution or the laws of the United States" and (2) that plaintiff was deprived of her rights by a person acting under the color of state law. *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 464 (3d Cir. 1989). A state law enforcement officer or other government official's use of excessive force in execution of their duties violates the Fourth and Fourteenth Amendments to the United States Constitution and is actionable under Section 1983. *See, e.g.*, *Groman v. Twonship of Manalapan*, 47 F.3d 628, 633-34 (3d Cir. 1995).

---

[1] The Complaint also named the New Jersey Department of Corrections as a defendant, but in its October 4, 2011 order, the Court *sua sponte* dismissed the Department pursuant to 28 U.S.C. § 1915. *See* ECF No. 2.

But Mr. Artis's request remains otherwise premature despite the filing of Defendants' responses. First, it does not appear that Mr. Artis has made any attempt to obtain *pro bono* counsel on his own. While the precise circumstances of his incarceration may limit his ability to do so, the Court has nothing before it establishing that he is unable to make a good faith attempt. (Mr. Artis's inability to pay for counsel does not necessarily prevent him from obtaining counsel; many lawyers provide *pro bono* services without be ordered to do so by a court.) And while Mr. Artis may be unversed in legal practice, the Court is familiar with Section 1983 actions and the seemingly straightforward nature of the claims in this case would not appear to require that Mr. Artis be guided by counsel. Nor does it appear at this time that Mr. Artis needs counsel in order to adequately investigate and present the facts of his case; the action involves one event witnessed by a finite number of people who may be called to testify.

For the foregoing reasons and for good cause shown;

**IT IS** on this 22nd day of February 2012, hereby,

**ORDERED** that Mr. Artis's application is **DENIED.** Mr. Artis may renew his application for *pro bono* counsel if future motions or proceedings increase his need for legal assistance, but he must first attempt to obtain counsel on his own or provides adequate explanation for his inability to make such attempt. The Court may also *sua sponte* renew Mr. Artis's application in the future at any time it deems appropriate.

          /s/ William J. Martini  
     **WILLIAM J. MARTINI, U.S.D.J.**