Mark N. Artis,<br>
Special Treatment Unit-Main<br>
8 Production Way<br>
CN 905<br>
Avenel, NJ 07001

January 25, 2013

Honorable William J. Martini, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Federal Bldg.
50 Walnut Street
Newark, New Jersey 07101-0999

  RE: Mark N. Artis, v. McCann, et al.
    Civil Action No.: **11-3613 (WJM)(MF)**

Dear Justice Martini:

 Please accept this letter reply brief in response to Respondent's Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56 (C), this is in lieu of a more formal pleading.

### PRELIMINARY STATEMENT AND STATEMENT OF FACTS[1]

 On September 28, 2009, the Appellant, a civilly committed person pursuant to New Jersey's Sexual Violent Predators Act, filed a pro se complaint against multiple State officials alleging several constitutional violations of his rights.

 The Defendant's, in the case, are now motioning the Court for summary Judgment Pursuant to Fed.R.Civ.P. 56 (C). They are

---

[1] The preliminary Statement and the Statement of fact are combined for the convenience of the court as to avoid repetition.

filing this motion after refusing to disclose discoverable materials which the Appellant has repeatedly asked for under the assertion that disclosure would violate the security protocols implemented to protect the orderly running of the institution. However, this is a decision for the Court to make and for the Defendants to simply state that it is a security issue and then refuse to disclose the material to the Court prevents justice from prevailing. Additionally, there is a "good faith" at hand, the defendants should have provided the discoverable materials to the Court and let the Court decide, if in fact, there was no creditable evidence or, if the material would be a security risk. This was not done. The Defendants decided to be the Judge and Jury in this case. They chose to withhold the discovery, they did not address the issues at hand, and now they motion the Court for Summary Judgment.

   Furthermore, they did all of this, knowing that the Appellant has no legal knowledge or education in the law, and he is presenting his case to the Court without any assistance from a trained professional. This in of itself, places the Appellant at a disadvantage. This is preeminent by the fact that the Appellant was denied the access to a law library and legal assistance, which interfered with the Appellant's ability to file a timely motion to compel the Defendants to produce the

discovery that would support his case. Therefore, denying the Appellant legal access to the Courts.

The Appellant is asking the Court to take judicial notice of the fact that a constitutional violation regardless of the size is a violation nonetheless, as the Appellant is held accountable for his violations so should these Officials who violated his rights.

### COUNTER ARGUMENT

The Appellant disputes the following facts in question. Defendants assert that, "after Appellant hit Defendant McCann,..." (¶ 13) there is nothing in defendant's declaration that supports this claim of fact that the Appellant hit or assaulted Defendant McCann. However, the material facts show evidence to the contrary. Investigator Valentin of SID (special investigation division) did not make a finding of an assault by Appellant. (Maloney Delc., Ex. C, DOC. 17 - 18). Also in the record DHS concluded "staff reports indicate that the [allegation] has no base (sic) in reality." (Ex. D, DOC. 28.)

The Appellant relies on the Special Custody Report of Nurse Elizabeth Ward with the Chart Notes by Edith Feldman, RN. (Statement of Material Facts "SOF" ¶¶16 - 18) (Maloney Delc., Ex. A, DOC 11 & Ex B, DOC 15).[2]

---

[2] As of date, the Appellant has not had the opportunity to depose the authors of these reports.

The statement of Nurse Ward, "Appellant was crying" and issues about the item of clothing that Appellant was wearing on the date of incident brings question to her report and findings. (Issues regarding the clothing, was disclosed in Appellant's Answer to Defendants First Set of Interrogatories, question 18)

Defendants argue that Defendants used "minimal force to restrain Appellant in handcuffs…" However, they do not disclose what type of force was used, nor do they disclose what they saw or heard Appellant doing or saying that would require Defendants to use such of force. None of the Defendants mention the use force or the need of force to restrain the Appellant. In their reports, in fact, all of the Defendants state, "that resident was escorted without incident." (Maloney Delc., Ex. A, DOC 05 - 10.)

The Defendants assert that, an inmate's excessive force claim is examined under a less protective Eight Amendment standard. However, first, it must be made clear to the Court that the Appellant is not an inmate, he is a Resident civilly committed under the States S.V.P.A. The State Courts had found that residents are not inmates and are not to be treated as such. Also, civilly committed persons, such as the Appellant, have the same rights as any other civilly committed person within the States civil commitment scheme. This is a simple

concept because the Appellant is no longer an inmate he is a patient, and as such, the States S.V.P.A. requires that he be detained for treatment of a therapeutic nature and not for punishment and deterrence purposes. The State S.V.P.A. is not a punitive Act.

The Appellant questions, was the force applied in a good faith effort to maintain and restore discipline? Appellant asserts No, for several reasons;

Appellant was several feet from Defendant McCann when the DOC entered the area to restrain the Appellant.

Defendant called a code for assistance and the Appellant automatically got down on his knees, placed his forehead on the wall, put his hands behind his head and interlocked his fingers. There was no need for any type of force from the Doc staff that was facilitated by the Appellant's behavior or speech.

Appellant immediately stated when the responding officers entered the area "I didn't do it on purpose and that it was an accident."

The Defendants could have easily just walked up to the Appellant and placed the cuffs on him yet they did not do that.

**Conclusion:**

For the reasons stated above, the Appellant respectfully request that the District Court review my answers to the Court

Report and Recommendations and allow the Appellant complaint to proceed and deny the Defendants' motions to dismiss.

Thank you for the Court's consideration of this Letter-brief.

Respectfully submitted;

Mark N. Artis, Appellant,
Pro Se'

C:
Justin L. Conforti, D.A.G.
File